[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Orange Park, Florida on December 19, 1970. The plaintiff resided continuously in the state of CT Page 4272 Connecticut for four years next preceding the date of the filing of the complaint. There are two minor children, issue of the marriage. They are Jamie, born November 5, 1979, and Megan, born June 5, 1983. The evidence presented indicates that this marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 45, is a bright, articulate woman. She indicates no health problems. She graduated from the University of Florida with a B.A. degree in education. During the marriage, the plaintiff filled the role of homemaker and mother, and held her last full time job in 1979. She intends to continue her education and obtain a master's degree in education and counseling in the mental health field.
The defendant, age 46, is an intelligent, soft spoken gentleman. He also holds a college degree. He is currently employed as a human resources development representative for an organization located in New Jersey. He reports that his health is very good.
This is a case of two young people marrying at a young age and remaining together for a long time after one of the parties realized that they were incompatible.
They both must share some responsibility for the breakdown of this relationship. However, the court believes that the defendant was unfair to the plaintiff by not being candid with her as to his feelings about her.
The court has carefully considered the criteria set forth in Connecticut General Statutes Sections 46b-62, 46b-81, 46b-82 and46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
(1) No evidence was presented on the issues of custody and visitation. The parties agreed to the continuation of the existing order. At a hearing in 1994, this court granted the plaintiff's request for her and the children to relocate to the state of Florida. They continue to reside there.
The parties shall have joint legal custody of the minor children with the plaintiff having physical custody. CT Page 4273
The defendant shall have rights of reasonable, liberal and flexible visitation. The court assumes the parties can work out the specifics of the visitation schedule.
(2) The defendant shall pay to the plaintiff as periodic alimony the sum of $2,000 per month. The payments shall commence on May 1, 1995, and continue with the death of either party or the plaintiff's remarriage, whichever event first occurs.
(3) The defendant shall pay to the plaintiff as child support the sum of $2,000 per month. The payments shall commence on May 1, 1995 and continue until the death of either child, her or his emancipation, or in accordance with the provisions of Section 46b-84(b) of the Connecticut General Statutes, whichever event first occurs.
The child support guidelines provide for minimum payments of $24,960 per year. The order of the court deviates from the guidelines because of the alimony order, the property division order and because of the defendant's visitation expenses.
If either child spends at least 5 weeks during the summer months visiting with the defendant in Connecticut, then the support payments for July and August shall be reduced in the amount of $500 per month per child.
The defendant shall have the dependency exemption for Megan and the plaintiff shall have the dependency exemption for Jamie.
The parties have made requests for orders involving sharing the costs of their children's travel expenses and summer activities. However, no testimony was offered on these issues other than the filing of financial affidavits. The court declines to address these requests based on the state of the record.
Both alimony and child support payments shall be paid, at the defendant's option, one-half twice a month coinciding with the defendant's pay periods or once a month no later than the 25th day of each month, in arrears.
A contingent wage withholding order may enter for the alimony and child support payments.
(4) The court bases its orders concerning the assignment of CT Page 4274 property on the following values of their assets:
A. Escrow proceeds from sale of 40 Shields Road, Darien property (approx.) $505,000
B. People's Bank Accounts (approx.) $ 13,600
C. Interest in Vermont property $ 16,000
D. Stamford Yacht Club Bond $ 2,500
E. Retirement and Pension Plans (approx.)
 1. Gemini 401K $ 500 2. Price Waterhouse 401K $33,233 3. Price Waterhouse retirement $72,270 $106,000
F. Coins (approx.) $ 2,700
G. Gold Stocks (approx.) $ 150
H. Stansbury and Prime Financial $ 1,140 Securities (approx.) ------------
Total $647,090
(5) From the escrow funds, the following debts shall be paid:
A. 2 joint Visa bills $ 11,700
B. 2 Household credit and choice $ 2,070 Visa bills
C. Defendant's Visa bill $ 1,515
D. Sears $ 500 ------------ Total (approx.) $ 15,785
From the balance of the escrow funds, the plaintiff shall receive the first $300,000 and the defendant shall receive the next $190,000. Any funds left thereafter shall be equally divided between the parties.
(6) The defendant is awarded the following assets: CT Page 4275
A. People's Bank savings and checking accounts (approx.) $ 13,600
B. The Stamford Yacht Club membership and bond $ 2,500
C. The entire interest of the parties Killington, Vt. real property $ 16,000
 The defendant shall indemnify the plaintiff and hold her harmless from any liability on the outstanding mortgage on the property.
D. Silver Coins $ 2,700
E. Gold Stock $ 150
F. One-half Gemini 401K $ 250
G. Defendant's automobile ----------
H. One-half of Stansbury and Prime $ 570 Financial Securities ----------
Total approx. value $ 35,770
The plaintiff shall execute all documents required to transfer any interests she may own in the assets awarded to the defendant.
(7) The plaintiff is awarded the following assets:
A. One-half Gemini 401K $ 250
B. 1985 Buick and 1994 Nissan ------ automobiles
C. Plaintiff's Barnett Bank ------ Savings and Checking Accounts
D. One-half of Stansbury and Prime $ 570 Financial Securities
The defendant shall execute all documents required to transfer any interests he may own in the assets awarded to the plaintiff. CT Page 4276
(8) The defendant shall transfer to the plaintiff, by Qualified Domestic Relations Order (QDRO), fifty (50%) percent of his Price Waterhouse IRA and retirement plans, valued as stipulated by the parties to be $33,233 for the IRA plan and $72,270 for the retirement plan. In the interim, while the documentation is being processed for the transfer, the defendant shall do nothing to impair said plans, or withdraw funds therefrom. The court shall retain jurisdiction to modify the QDRO to comply with federal or state law relating to retirement/pension plans.
(9) The defendant shall maintain his present health insurance policy for the benefit of the parties' children, and the parents shall equally share any unreimbursed or uncovered medical bills for said children. An order pursuant to General Statutes, Section 46b-84(d) shall enter. In addition, the defendant shall permit the plaintiff to convert coverage under said policy for her benefit under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) for the statutory period at the plaintiff's sole expense.
(10) The defendant shall irrevocably designate the plaintiff as beneficiary of three hundred eighty thousand dollars ($380,000) of his job related insurance policy so long as he is obligated to pay both alimony and child support hereunder, which coverage shall be reduced to two hundred fifty thousand dollars ($250,000) when defendant's obligation to pay child support ceases, and said coverage shall continue so long as the defendant is obligated to pay alimony to the plaintiff. The defendant shall execute to the plaintiff an authorization directed to the life insurance company to enable the plaintiff to obtain information as to the status of the policy.
The plaintiff shall retain ownership of her New York Life insurance policy.
(11) Each party shall retain the household furnishings and personal property in her and his possession.
(12) The plaintiff shall be solely responsible for the repayment of her loans from her father, V.L. Micheel. She shall pay her own attorney's fees and one-half of any fees remaining due Elizabeth Sharpe, attorney for the minor children. CT Page 4277
(13) The defendant shall be solely responsible for the payment of any payments due on his automobile lease. He shall also pay his own counsel fees and one-half of any fees remaining due Elizabeth Sharpe, attorney for the minor children.
(14) The defendant shall indemnify the plaintiff and hold her harmless from any federal or state tax liabilities for all tax returns filed by the parties during their marriage.
If the plaintiff without a valid reason declines to sign a joint Federal or State tax return for the calendar year 1994, the defendant may petition the court for modification of the periodic alimony order based on an increased tax liability of approximately $10,000.
Any tax refunds for 1994 shall be equally divided between the parties.
Judgment may enter accordingly.
NOVACK, J.